IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEON PATTERSON,

                                                 ORDER

                Petitioner,

                                            15-cr-71-bbc

        v.                                     16-cv-571-bbc

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Leon Patterson has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, in which he contends that the court sentenced him incorrectly and that his counsel failed to appeal from the sentence even though he asked her to do so.  Petitioner tried to appeal on his own but the Court of Appeals for the Seventh Circuit dismissed his attempt  because it was filed long after his time for appeal had expired.  Petitioner is wrong about the calculation of his sentence, but is entitled to proceed on his claim that his counsel failed to take an appeal as requested.   Counsel will be appointed to represent him and an evidentiary hearing will be scheduled.

RECORD FACTS

Petitioner was charged on May 13, 2015 with knowingly and unlawfully possessing in or affecting commerce a .40 caliber S&W pistol and ammunition after having been

1

convicted of a crime punishable by a term of imprisonment exceeding one year. He entered a plea of guilty to the crime and was sentenced on October 9, 2015. He did not take an appeal of his sentence until April 4, 2016; the court of appeals denied the appeal as having been filed too late. Dkt. #34.

At sentencing, petitioner objected to the probation office's recommendation that he was a career offender under § 4B1.2(a)(1) of the sentencing guidelines. He argued that he was not a career offender because one of the two alleged crimes of violence of which he had been convicted did not qualify as a crime of violence. I agreed with him and declined to sentence him as a career offender. As a result, his base offense became 20 under § 2K2.1(a)(4), rather than 24 under § 2K2.1(a)(2). I then deducted three points for acceptance of responsibility, lowering the offense level to 17.

I disagreed with petitioner's contention that he did not have 14 criminal history points. At the time of his sentencing, petitioner had 20 previous convictions for crimes of varying degrees of seriousness; these were assigned a total of 14 points, as follows:

Two counts of aggravated assault and battery: 2 points under § 4A1.1(a);

Two convictions for operating while intoxicated: 2 points each under § 4A1.1(b) because each resulted in a sentence of more than 60 days;

Four of petitioner's ten convictions: 1 point each under § 4A1.1(c) .

With an offense level of 17 and a criminal history category of VI, petitioner's guideline sentencing range was 51-63. He was sentenced to a term of 51 months.

OPINION

Petitioner contends that by failing to take an appeal of his sentence he was denied the effective assistance of counsel and should be allowed to use this post conviction motion to raise his challenges to his sentence.  His challenge is primarily to the way in which the court calculated the guideline range under §§ 1B1.9 and 4A1.2(c), which relate to the counting of certain crimes, misdemeanors and infractions.  Although I see no error in this calculation, petitioner was entitled to an appellate review.  If he asked for such a review and his counsel refused to take an appeal, he will be allowed to take a late appeal.

The government has asked the court to hold an evidentiary hearing on petitioner's motion.  The request will be granted.  I will ask the Federal Defenders Services to recruit counsel to represent petitioner.  Counsel shall consult with the United States Attorney's Office and the clerk of court to select a prompt date for the evidentiary hearing.

ORDER

IT IS ORDERED that petitioner Leon Patterson's motion brought under 28 U.S.C. § 2255 for correction of the calculation of his criminal history points is DENIED because he has failed to show any error in the calculation of those points.  However, he is entitled to an evidentiary hearing on his contention that he told his counsel he wanted to appeal and she failed to take an appeal on his behalf.

The Federal Defenders Service is requested to recruit counsel for petitioner.  Once that has been accomplished, counsel is to consult with the United States Attorney and the

clerk of court to set the matter for an evidentiary hearing.

Entered this 7th day of November, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4