IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEON PATTERSON,

                Petitioner,                          FINDINGS OF FACT

    v.

                                                          15-cr-71-jdp
UNITED STATES OF AMERICA,                        16-cv-571-jdp

                Respondent.

---

      Petitioner Leon Patterson seeks post-conviction relief under 28 U.S.C. § 2255. His initial petition, filed pro se, presented two grounds for relief: (1) the court miscalculated his criminal history points and sentenced him incorrectly as a result; and (2) his counsel failed to appeal from the sentence even though he asked her to do so. Judge Crabb denied the petition on the first ground. Dkt. 3. The second ground raised a factual issue, so Judge Crabb ordered an evidentiary hearing, and counsel was appointed for Patterson. With the assistance of counsel, Patterson filed an amended petition, Dkt. 5, which raised the additional issue of whether Patterson's trial counsel had adequately consulted with him about the appeal. I held the evidentiary hearing on February 1, 2017. After the transcript of the hearing is finished and released, both sides will file post-hearing briefs on all the issues raised at the hearing.

      In light of the hearing testimony and evidence, there is no need for the parties to brief purely factual questions. Resolving those factual issues here should make the post-hearing briefing easier.

FINDINGS OF FACT

The court finds the following facts:

1. Patterson did not ask Attorney Welsh to file an appeal. Attorney Welsh discussed the prospects for an appeal with Patterson immediately after the sentencing in the Marshal's lockup. Both Attorney Welsh and Patterson were disappointed with the sentence because Attorney Welsh has asked for a below-guideline sentence. Attorney Welsh advised Patterson that his appeal prospects were limited because the guideline sentence that he received was presumptively valid under Seventh Circuit law. Attorney Welsh also pointed out that a cross-appeal was possible: the government could challenge the court's determination that the Indiana battery conviction was not a crime of violence under the guidelines. If the government were successful on appeal, Patterson could receive a longer sentence as a result. At the end of the conversation, Patterson said that he did not want to appeal.

2. Attorney Welsch confirmed the substance of her conversation with Patterson in a letter sent to Patterson on October 7, 2015.

3. Patterson called Attorney Welsh from jail a few days later. At the beginning of the call, he said that he wanted to appeal. During the call, Attorney Welsh again reviewed her reasoning and again pointed out the potential disadvantage that could arise from a cross-appeal by the government. At the end of the conversation Patterson said again that he did not want to appeal the case.

4. Attorney Welsh consulted with Patterson concerning the appeal. She reviewed the potential grounds for appeal as she saw them at the time, and she also discussed

    the potential disadvantage that might result from a successful cross-appeal by the government.

5. Attorney Welsh did not discuss the treatment of Patterson's Texas conviction as a crime of violence with Patterson. Attorney Welsh and her colleagues at the Federal Defender's Office considered the Texas conviction, but they had determined that it qualified as a crime of violence under the so-called Force Clause. The Texas conviction did not implicate the residual clause that was at issue in the second *Johnson* decision, and Attorney Welsh did not discuss it with Patterson either during sentencing or after.

## DISCUSSION

I find that Attorney Welsh's version of the events is more credible than Patterson's because her version is supported by contemporaneous documentation. Hearing Exhibit 1 is Attorney Welsh's letter, dated October 7, 2015, confirming the substance of her conversation about the appeal and Patterson's decision not to appeal. Patterson denies receiving this letter. But Attorney Welsh testified that her files do not reflect that she had received the letter back as undeliverable. Having mail returned from a jail is a common occurrence, so the absence of the returned mail supports the finding that Patterson received the letter. But even if he did not, the important point is that Attorney Welsh wrote the letter, recording, at the time, her advice and her recollection of the conversation in the Marshal's lock up. Attorney Welsh's recollection is also confirmed by an entry in her time records. The time records also corroborate the topics discussed in the telephone call from the jail. Although the time records were not presented at the hearing, Attorney Welsh testified that she had reviewed those

3

records prior to testifying. The bottom line is that Attorney Welsh has contemporaneous corroboration of her testimony.

Patterson's account of the events is less credible because he lacks corroborating documentation and his testimony was foggy on dates and details. For example, Patterson testified that at the time that he filed his own notice of appeal (later deemed untimely), he knew that he had as grounds for an appeal both the calculation of his criminal history points and the treatment of the Texas conviction as a crime of violence. But Patterson did not mention the Texas conviction as a ground in his original § 2255 petition. The fogginess of Patterson's recollection is understandable, but it undermines his credibility.

Entered February 13, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge