IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEON PATTERSON,

                              Petitioner,                       OPINION AND ORDER

    v.

                                                        15-cr-71-jdp

UNITED STATES OF AMERICA,                   16-cv-571-jdp

                              Respondent.

---

Petitioner Leon Patterson pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He received a bottom-of-the-guideline sentence of 51 months incarceration, to be followed by three years of supervised release. He did not make a timely direct appeal, but now he seeks post-conviction relief under 28 U.S.C. § 2255 on the grounds that his trial counsel failed to adequately consult with him about filing an appeal of the sentence and then failed to file an appeal as Patterson directed. Because I conclude that counsel acted reasonably and did not disregard Patterson's instructions, I will deny the petition.

BACKGROUND

Patterson's original § 2255 petition, filed pro se, presented two grounds for relief: (1) the court miscalculated his criminal history points and sentenced him incorrectly as a result; and (2) his trial counsel, Kelly Welsh from the Federal Defender's Office, failed to appeal from the sentence even though he asked her to do so. Judge Crabb reviewed his criminal history and concluded that there was no error in the calculation of his criminal history points, so she denied

the petition on the first ground. Dkt. 3.[1] But the second ground raised a factual issue: whether Patterson had instructed Welsh to appeal. Judge Crabb ordered an evidentiary hearing, and counsel was appointed for Patterson.

With the assistance of post-conviction counsel, Patterson filed an amended petition, Dkt. 5, raising a third ground for relief: that Welsh had not adequately consulted with him about the appeal. The new ground was predicated on the idea that one of Patterson's convictions—for aggravated assault under Texas Penal Code § 22.02(a)(4)—was not a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A). Patterson was not sentenced as a career offender, but having a previous crime of violence increased his offense level and thus his guideline range. So Patterson contends that trial counsel was ineffective for failing to consult with him about a possible appeal based on the status of the Texas conviction.

The case was transferred to me, and I held the evidentiary hearing on February 1, 2017. Shortly after the hearing, I entered written findings of fact, Dkt. 9, so that the parties could focus their post-hearing briefing on the legal issues. I found that Patterson did not instruct Welsh to appeal; to the contrary, after consultation, he told Welsh that he did not want to appeal. It follows that Welsh was not ineffective for failing to file the appeal as requested.

That leaves the third ground for relief, concerning the failure to consult Patterson about an appeal based on the status of the Texas conviction, which I address in this opinion.

---

[1] Docket citations are to the civil case, no. 16-cv-71, except where noted.

ANALYSIS

The government raises a preliminary issue regarding timeliness. Patterson did not file the amended petition that includes the claim at issue until January 25, 2017, several months after the one-year limitations period expired, and the parties debate whether the amended petition is timely under the "relation back" doctrine. I will assume without deciding that the petition is timely and proceed to the merits.

To prevail on an ineffective assistance of counsel claim, Patterson would have to show both that his counsel's performance fell below the standard of objective reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668 (1984). At first look, Patterson's claim appears straightforward. I have found that Welsh consulted with Patterson about the advantages and disadvantages of appeal, and that Patterson twice said he did not want to appeal. "[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). So it would appear that under *Florez-Ortega*, Welsh's performance cannot be deficient.

But there is a wrinkle in this case: Welsh did not actually consult with Patterson about whether the Texas conviction was properly categorized as a crime of violence. She considered the issue, and consulted with a colleague about it, but she did not talk to Patterson about it. Patterson argues, in essence, that Welsh's consultation was deficient and that ground three should be evaluated as though Welsh had not consulted with him at all. When there has been no consultation about an appeal, *Florez-Ortega* says that the defendant has to show either "(1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. But it

3

would stretch *Florez-Ortega* too far to say that this standard applies not just to the failure to consult at all, but also to the failure to consult on a particular issue. As *Florez-Ortega* makes clear, a claim of ineffective assistance of counsel requires a case-by-case evaluation of the overall reasonableness of counsel's performance. And Patterson acknowledges that Welsh was not obligated to advise him about "every conceivable non-frivolous claim under the sun." Dkt. 5, at 11 (citing *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996)). Following the general principles from *Florez-Ortega* and *Mason*, a good way to frame the question is whether Welsh omitted a significant and obvious issue in her consultation with Patterson.

I am not persuaded that the Texas conviction presented a significant and obvious issue. Seventh Circuit precedent holds that Texas Penal Code § 22.01(a)(1), which defines the Texas crime of "assault," is a divisible statute. *United States v. Ramirez*, 606 F.3d 396, 397 (7th Cir. 2010). (Patterson's conviction for aggravated assault under § 22.02(a)(4) incorporates the elements of § 22.01(a)(1), which is why § 22.01(a)(1) is the pertinent statute for the divisibility issue.) This means that in deciding whether a conviction under this statute qualifies as a crime of violence, a court can consult the so-called *Shepard* documents to determine which part of the statute provided the basis for the conviction. So if the statute covers some conduct that would constitute a crime of violence and some that would not, the court can check the charging documents to see which part of the statute applied. In this case, the Texas indictment shows that Patterson was convicted of intentional assault with a baseball bat. PSI, ¶ 47 (Case no. 15-cr-71, Dkt. 15).

Patterson contends that under the divisibility analysis in *Mathis v. United States*, 136 S. Ct. 2243 (2016), Texas Penal Code § 22.01(a)(1) is no longer divisible. If that view were correct, then a conviction under § 22.01(a)(1) might not be a crime of violence because the

4

statute could apply to reckless conduct, and crimes of violence do not generally include those predicated on recklessness. And if the statute is not divisible, then the court has no recourse to the charging documents.

Obviously, *Mathis* had not been decided when Patterson was sentenced. But, Patterson argues, the divisibility of some criminal statutes was being appealed by the Federal Defender's Office in this very district. So, the argument goes, Patterson's trial counsel should have advised him that he had a chance to get *Ramirez* overruled, and thereby have his Texas conviction deemed not to be crime of violence, which would have resulted in a reduction in his guideline range.

This argument has two fundamental problems. First, as the government points out, the effectiveness of counsel is not judged in hindsight, and counsel is not usually deemed ineffective for failing to anticipate developments in the law. *See, e.g., Kirklin v. United States*, 883 F.3d 993, 997 (7th Cir. 2018). Second, applying *Mathis* to a Texas conviction for aggravated assault might not produce the result Patterson predicts: the Fifth Circuit Court of Appeals has held that Texas aggravated assault is a crime of violence notwithstanding *Mathis*. *United States v. Shepherd*, 848 F.3d 425, 428 (5th Cir. 2017) (citing *United States v. Villasenor-Ortiz*, 675 F. App'x 424, 428 (5th Cir.), *cert. denied*, 138 S. Ct. 128 (2017) (holding that aggravated assault is a crime of violence under the "physical force" clause of U.S.S.G. § 4B1.2, regardless of whether the statute is divisible)). So even if *Ramirez* were reversed on the divisibility issue, it looks like a Texas conviction for aggravated assault would still be a crime of violence.

This legal background provides the context to evaluate the effectiveness of Welsh's representation. At the evidentiary hearing on Patterson's petition, Welsh explained her reasons for not pressing for an appeal based on the status of the Texas conviction. Dkt. 10, 76:10–

77:15. Welsh said that she discussed the matter with a colleague who had focused on the crime of violence issue, and they had reviewed a Fifth Circuit case that suggested that the divisibility analysis would not affect Patterson's Texas conviction. Although she did not identify the particular case, Welsh's conclusion accurately anticipated the Fifth Circuit decision in *Shepherd*. Her explanation demonstrates careful consideration and a reasoned conclusion. The Texas conviction did not present a significant and obvious issue, and her decision not to include this particular point in her consultation about Patterson's appellate prospects was not objectively unreasonable. And viewed as a whole, her work for Patterson falls well within the "wide range of professionally competent representation." *See Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003).

I conclude that counsel did not provide ineffective assistance of counsel by failing to consult with Patterson about a potential appeal related to the status of his Texas conviction.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although Patterson has not shown that he is entitled to relief, I will issue a certificate of appealability.

ORDER

IT IS ORDERED that Leon Patterson's petition for post-conviction relief under 28 U.S.C. § 2255 is DENIED. A certificate of appealability shall issue.

Entered April 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge